**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4113**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

RANDALL K. TAYLOR,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Robert C. Chambers, Chief District Judge. (6:12-cr-00135-1)

_____

Submitted:  July 2, 2013           Decided:  July 18, 2013

_____

Before MOTZ and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin, II, United States Attorney, Lisa G. Johnston, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall Keith Taylor pled guilty, without a written plea agreement, to failure to register as a sex offender, in violation of 18 U.S.C. § 2250 (2006). The district court sentenced Taylor to eighteen months' imprisonment and fifteen years' supervised release. On appeal, Taylor argues that his fifteen-year term of supervised release is procedurally unreasonable because the district court failed to make an individualized assessment and that his fifteen-year term of supervised release is substantively unreasonable because it is greater than necessary to achieve the purposes of sentencing. We affirm.

A "term of supervised release . . . [is] part of the original sentence," United States v. Evans, 159 F.3d 908, 913 (4th Cir. 1998), "and is reviewed for reasonableness." United States v. Preston, 706 F.3d 1106, 1121 (9th Cir. 2013); see Gall v. United States, 552 U.S. 38, 46, 51 (2007) (stating that appellate review of sentence is for abuse of discretion). We review for "significant procedural error[s]," including "failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors[] . . . or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. To avoid procedural error, "the district court must make an individualized assessment," wherein it applies the relevant § 3553(a) factors to the specific facts of the

2

defendant's case. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted).

Taylor argues that the district court's reasons for imposing the fifteen-year term of supervised release were not individualized and could have been stated for any defendant being sentenced to a term of supervised release. We disagree. In fashioning the sentence, the district court considered Taylor's criminal history, stating that the fifteen-year term of supervised release would "help make sure the defendant, who has a significant criminal history, does not violate the law in some other fashion." (J.A. 85).[*] Further, the district court considered the need to deter Taylor from repeating his offense, noting that the fifteen-year term of supervised release would "assist the Government to prosecute Mr. Taylor should he in the future fail again to register as he's required." (J.A. 85). We conclude that the district court demonstrated that it conducted an individualized assessment and that Taylor's sentence is procedurally reasonable.

Taylor also argues that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion, "examin[ing] the totality of the circumstances." United States v. Mendoza-Mendoza, 597 F.3d

---

[*] "J.A." refers to the joint appendix filed by the parties.

212, 216 (4th Cir. 2010). Assuming, without deciding, that the supervised release term is not entitled to a presumption of reasonableness on appeal, see United States v. Goodwin, ___ F.3d ___, ___, 2013 WL 1891302 at *5-*9 (7th Cir. May 8, 2013) (No. 12-2921), we conclude that the supervised release term is nevertheless substantively reasonable. The district court was statutorily authorized to impose Taylor's fifteen-year term of supervised release. See 18 U.S.C. § 3583(k) (2006) (authorizing range of five years to life of supervised release for violation of 18 U.S.C. § 2250). Moreover, the district court adequately considered the § 3553(a) factors applicable to the imposition of supervised release. See 18 U.S.C. § 3583(c) (2006). We find Taylor's argument that his fifteen-year term of supervised release does not reflect his history and characteristics or the nature and circumstances of the instant offense unpersuasive. The district court referenced Taylor's "significant criminal history" when explaining the fifteen-year term of supervised release (J.A. 85) and expressed concern that Taylor registered for years in Ohio and understood his obligation, but when he moved to West Virginia, Taylor "decided just not to comply." (J.A. 75). Further, the district court found that Taylor's sentence "reflects the nature and circumstance of the offense, [and] the history and characteristics of [Taylor]." (J.A. 89). Although Taylor argues that the district court should have

4

considered that his offense was not as serious as other sex offenses, the district court was not permitted to consider the seriousness of Taylor's offense when determining the term of supervised release. See 18 U.S.C. § 3583(c). Accordingly, we conclude that that Taylor's term of supervised release is substantively reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED